IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WHITNEY K. DURANT a/k/a SOREN MONROE,<br><br>　　　　　Defendant. | CASE NO. 3:23MJ8003<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**ORDER OF DENYING MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Whitney Durant seeks a modification of her release conditions. (ECF #9). Specifically, she asks to be relieved of the standard condition that she not "use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." (ECF #7 at PageID 19). Ms. Durant states that she suffers from post-traumatic stress disorder and anxiety, "and her treating physician has recommended that she be permitted to use prescribed medical marijuana to treat her conditions." (ECF #9 at PageID 26). Her motion was accompanied by a copy of her Ohio Medical Marijuana Registry Card (ECF #9 at PageID 28), a letter from her treating counselor noting Ms. Durant's diagnoses of generalized anxiety disorder and post-traumatic stress disorder (*Id.* at PageID 29), and the recommendation from her treating physician to use medical marijuana to reduce anxiety and improve sleep (*Id.* at PageID 30-32).

1

The government opposes, noting that under federal law, marijuana is a controlled substance that may not be legally prescribed by a physician. (ECF #10 at PageID 34). The government further notes that a federal judge may not modify bond release conditions so as to contradict federal law. (*Id.*).

I concur with the government, and thus deny Ms. Durant's request to lift the release condition prohibiting use or illegal possession of a controlled substance. Despite changes in public attitude and in state laws, including Ohio's adoption of a medical marijuana regime, *see generally* Ohio Rev. Code Chapter 3796, marijuana remains classified under federal law as a Schedule I substance. *See* 21 U.S.C. § 812(c) & Schedule I, subsection (c)(10). As such, Congress has concluded that marijuana (a) has a high potential for abuse, (b) has no currently accepted medical use in treatment in the United States, and (c) there is a lack of accepted safety for use under medical supervision. *See* 21 U.S.C. § 812(a). True, the Department of Health and Human Services recently recommended to the Drug Enforcement Administration that marijuana be moved from Schedule I to Schedule III, which would permit medical use. *See* Secretary Xavier Beccarra (@SecBeccara), Twitter (Aug. 30, 2023 4:20 p.m.), http://twitter.com/SecBecerra/status/1696981120280084617. But Congress has not amended the Controlled Substances Act to reflect this recommendation. Further, I note that under Ohio law, physicians can only *recommend*, not *prescribe*, marijuana, *see* Ohio Rev. Code § 3796.20(B)(2); therefore, the release condition's exception language ("unless prescribed by a licensed medical practitioner") provides no safe harbor.

For the foregoing reasons, I **DENY** Ms. Durant's Motion for Modification of Bond Conditions.

**IT IS SO ORDERED.**

Dated: September 7, 2023

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE